O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. CV 09-7565-CAS<br>CR 99-1363 (A)-CAS<br><br>**ORDER DENYING PETITIONER'S MOTION FOR PRODUCTION OF CERTIFIED COPIES OF PHOTOGRAPHIC TRIAL EXHIBITS** |
| Plaintiff/Respondent, | | |
| vs. | | |
| GEORGE MICHAEL RUELAS, | | |
| Defendant/Petitioner. | | |

## I. INTRODUCTION AND BACKGROUND

Petitioner George Michael Ruelas is a former California Highway Patrolman convicted of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. The conspiracy included a July 4, 1997 theft of 295 kilograms of cocaine from the California Bureau of Narcotics Enforcement's ("BNE") Riverside evidence vault.

On November 21, 2002, petitioner was sentenced to 360-months in prison. On the same day, petitioner appealed to the Ninth Circuit and eventually was re-sentenced

to 228-months in prison.[1] On October 27, 2006, petitioner again appealed to the Ninth Circuit. The appeal was denied on July 22, 2008. On August 7, 2008, the Ninth Circuit affirmed the sentencing imposed upon remand and otherwise denied petitioner's appeal.[2] On October 16, 2009, petitioner filed a motion for relief from his sentence pursuant to 28 U.S.C. § 2255. The Court denied petitioner's motion on October 12, 2010. On November 18, 2010, the Court denied petitioner's petition for a certificate of appealability.

On June 29, 2011, petitioner filed the instant motion for the production of certified copies of photographic trial exhibits. The government filed its opposition on July 28, 2011. Petitioner filed his reply on August 15, 2011. The parties' arguments are presently before the Court. After carefully considering the parties' arguments the Court finds as follows.

## II. LEGAL STANDARD

A motion pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Sanders v. United States, 373 U.S. 1, 2 (1963).

Section 2255(h) instructs that "a second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Section 2244(b)(2) holds that the only reasons that a successive habeas petition may be heard by a district court is if the claim presented in the

---

[1] The Ninth Circuit affirmed the Court's decision on May 5, 2004. On petition for Writ of Certiorari, filed on August 4, 2004, the United States Supreme Court remanded the case for re-sentencing in light of United States v. Booker, 543 U.S. 220 (2005).

[2] Petitioner's petition for Writ of Certiorari to the United States Supreme Court was denied on October 13, 2008.

successive petition:

> "(1) shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

28 U.S.C. §2244(b)(2).

A judge may "for good cause" authorize discovery pursuant to a § 2255 motion. Rule 6 of Rules Governing § 2255 Proceedings for the United States District Courts. Further, the requesting party "must provide reasons for the request." Id.

## III. DISCUSSION

Petitioner has requested that the Court order the government to produce the certified copies of certain photographs admitted into evidence in his underlying trial, United States v. George Michael Ruelas, CR 99-1363(A), and in his co-defendant brother's trial, United States v. Richard Wayne Parker, CR 98-0749(B). Mot. ¶ 6. Petitioner's motion states only that "[i]n the ongoing review of [his] conviction, [petitioner] determined a need to review the above described public trial exhibits." Id. ¶ 5. In his reply, the Petitioner elaborates that he believes the photographs support an issue that the "Court has ruled . . . procedurally time-barred."[3] Reply at 5. Petitioner further states that he is seeking a Certificate of Appealability from the Ninth Circuit. Id.

The government argues that petitioner's motion should be denied because his

---

[3] Specifically, petitioner argued that the government fabricated the cocaine kilogram evidence it presented at his trial.

3

ability to appeal has been exhausted. Opp. at 7–8. The government contends that petitioner's only remaining recourse is a successive § 2255 motion. Id. The government further contends that successive § 2255 motions are only allowed in narrow circumstances, which do not exist in this case. Id. at 9–10. The government argues that, given petitioner's lack of remedies, the petitioner has not shown "good cause" for the documents and, thus, that the request for decade-old exhibits merely burdens the government. Id. at 8.

The Court agrees with the government that petitioner has not met his burden of showing that good cause exists for the production of photographic evidence. See Rule 6. Petitioner merely stated that he "determined a need" for the photographs and that the photographs support an argument that this Court has already deemed time-barred. Further, at present, petitioner has not been granted certification to file a successive 2255 motion and, thus, his remedies are exhausted. The production of the photographs would only burden the government without forwarding petitioner's cause.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES petitioner's motion for production of certified copies of photographic trial exhibits.

IT IS SO ORDERED.

Dated: December 13, 2011

Christina A. Snyder
United States District Judge